# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:12cv385

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **DEFAULT JUDGMENT** |
| | ) | **OF FORFEITURE** |
| 2012 RANGE ROVER SPORT, VIN: SALSH2E42CA750161, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Default Judgment, Entry of Judgment, and Final Order of Forfeiture [Doc. 10].

## PROCEDURAL AND FACTUAL HISTORY

The Plaintiff initiated this action for civil *in rem* forfeiture on December 12, 2012. [Doc. 1]. In the Verified Complaint for Forfeiture *in Rem*, it is alleged that on June 23, 2012, Barry Landreth (Barry) presented a check to Jaguar Land Rover Asheville in the amount of $77,625.27 for the purchase of the 2012 Range Rover Sport, VIN #SALSH2E42CA750161 which is the subject of this action. [Doc. 1 at 6-7]. In order to prove that the check was valid, Barry showed the dealership a deposit slip showing that $78,000.00

1

had been deposited into the checking account on June 23, 2012.  [Id.].  The check which had been deposited was not covered by sufficient funds.  [Id.].

Barry had the dealership title the Range Rover in the name of Tiffany Amy Tyler (Tyler) who paid no consideration for the vehicle.  [Id. at 7].  On June 27, 2012, Jaguar Land Rover Asheville was informed that there were insufficient funds in Barry's checking account to cover the check delivered for the purchase of the vehicle.  [Id.].  On June 29, 2012, after having taken possession of the vehicle, Barry had his father, Billy Landreth (Billy), presented an official bank check in the amount of $78,300.00 to a different bank, received cash in exchange and then deposited the cash into Barry's account.[1]  [Id. at 7-8].  Three days later, Jaguar Land Rover Asheville deposited Barry's check into its account.  [Id.].

In the Complaint, it is alleged that the vehicle is the proceeds of bank fraud, in violation of 18 U.S.C. §1344.[2]  [Id. at 2].  Property which constitutes or is derived from proceeds traceable to bank fraud is subject to forfeiture to the United States.  18 U.S.C. §981(a)(1)(C).  It is also alleged in the Complaint that Tyler, Barry and Billy are individuals identified as

---

[1] Billy borrowed this money from a friend.  [Id.].
[2] It is also alleged that the vehicle is the proceeds of money laundering but the allegations of the Complaint and the Affidavit attached thereto do not clearly explain in what manner money laundering occurred.

2

having a possible claim to the property. [Id. at 2-3].

On December 17, 2012, the Government sent personal notice by certified mail, return receipt requested pursuant to Rule G(4)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions to Barry in the care of his attorney. The notice, which included a copy of the Complaint, contained the information that the vehicle had been seized, notified Barry of this forfeiture action and provided notice of his right to submit a verified claim. [Doc. 8-1]. The notice was received. [Id.].

The Government also attempted to send notice by certified mail, return receipt requested to Billy. [Doc. 8-2]. That notice was returned with the notation that the Post Office was unable to deliver and no forwarding address was known. [Id.]. On January 7, 2013, the notice was sent by certified mail, return receipt requested to Billy at a different address and this time the notice was received and signed for by Billy. [Doc. 8-3].

Although the Government has not provided proof of service of the notice on Tyler, she filed a Claim in this action on January 21, 2013. [Doc. 5].

In addition to mailing notices, the Government also provided notice by publication on the official internet government forfeiture site,

www.forfeiture.gov, for at least thirty consecutive days pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. [Doc. 6; Doc. 6-1].

On February 14, 2013, Tyler filed a Withdrawal of Claim and relinquished and waived any right to contest the forfeiture. [Doc. 7]. Tyler's claim was therefore withdrawn and no claim remained pending in the action on her part.

No person or entity has filed a claim or answer in this action. On February 28, 2013, the Government moved for entry of the default. [Doc. 8]. On March 4, 2013, the Clerk of Court entered default. [Doc. 9]. On March 5, 2013, the Government moved for a default judgment of forfeiture. [Doc. 10].

**DISCUSSION**

The Government has shown that the 2012 Range Rover Sport is the proceeds of bank fraud, in violation of 18 U.S.C. §1344. [Id. at 2]. Property which constitutes or is derived from proceeds traceable to bank fraud is subject to forfeiture to the United States. 18 U.S.C. §981(a)(1)(C).

In addition to the personal notices, the Government provided publication of notice on the official internet government forfeiture site,

www.forfeiture.gov, for at least thirty consecutive days pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Whiting v. United States, 231 F.3d 70, 76 (1st Cir. 2000) ("Due process requires the government to afford an owner 'notice and an opportunity to be heard' before civilly forfeiting his property, but actual *receipt* of notice by the defendant is not automatically required. Rather, ... due process requires the provision of 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'") (internal quotation and citations omitted).

The Court finds that the allegations of the complaint and the supplemental filings establish that the vehicle at issue was the proceeds of bank fraud. The Court also finds that the Government has established that no potential claimant has timely filed a claim or otherwise answered and default judgment is therefore appropriate.

**JUDGMENT**

**IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED** that the Plaintiff's Motion for Default Judgment, Entry of Judgment, and Final Order of Forfeiture [Doc. 10] is hereby **GRANTED** and Default Judgment against the Defendant 2012 Range Rover Sport, VIN #SALSH2E42CA750161 is hereby **ENTERED** in favor of the United States of America.

Signed: April 15, 2013

Martin Reidinger
United States District Judge